Jon E. MAYO, Appellant,

v.

The STATE of Texas.

Nos. 1010–98, 1011–98.

Court of Criminal Appeals of Texas.

Sept. 15, 1999.

Don Hase, Arlington, for appellant.

Anne E. Swenson, David M. Curl, Asst. Dist. Attys., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## OPINION

The opinion was delivered PER CURIAM.

A jury convicted appellant of aggravated sexual assault and indecency with a child and assessed his punishment at confinement for life and twenty years, respectively. The Court of Appeals reversed the convictions based on the post-trial discovery that one of the jurors did not live in the county where Appellant was tried. *Mayo v. State,* 971 S.W.2d 464 (Tex.App.—Fort Worth, 1998). We granted the Dis-

trict Attorney's and the State Prosecuting Attorney's petitions for discretionary review challenging several aspects of the Court of Appeals' opinion.

At the hearing on Appellant's motion for new trial, Appellant presented evidence that one of the jurors did not live in Tarrant County, where Appellant was tried. The Court of Appeals held the juror was disqualified from serving on Appellant's jury under TEX. GOV'T CODE ANN. § 62.102(1) (West 1999).[1] *Mayo*, 971 S.W.2d at 466, 472. It rejected the State's claim that Appellant's failure to challenge the venireperson for cause waived any error. The Court of Appeals observed that Article 35.16(a), TEX.CRIM. P.CODE ANN., sets out challenges for cause and requires a defendant to object to a venireperson who is unfit to serve as juror, or error is waived.[2] However, it interpreted the phrase, "all other grounds for challenge may be waived," to mean "all other grounds of challenge *in Art. 35.16* may be waived." *Id.* at 468 (emphasis added).

The Court of Appeals held that the county citizenship requirement of § 62.102(2) is not included in Art. 35.16. It noted that both statutes require a juror to be qualified to vote in the county, and the Government Code requires county citizenship and qualification to vote in the county. The Court of Appeals held that the county-citizenship requirement was not subsumed in the Art. 35.16(a)(1) voter qualification requirement. *Id.* at 468–70. The Court of Appeals also reasoned that § 62.102 imposed "absolute disqualifications" which are mandatory and not subject to waiver. Therefore, it concluded the Code of Criminal Procedure's requirement of a challenge for cause in order to avoid waiver did not apply to the county-citizenship requirement. *Id.* at 469—70.

■ In its fourth ground for review, the District Attorney contends the Court of Appeals erred by construing the provisions of § 62.102 as "absolute disqualifications."

1. Section 62.102, entitled "General Qualifications for Jury Service," provides:

A person is disqualified to serve as a petit juror unless he:
1) is at least 18 years of age; 2) is a citizen of this state and of the county in which he is to serve as a juror; 3) is qualified under the constitution and laws to vote in the county in which he is to serve as a juror; 4) is of sound mind and good moral character; 5) is able to read and write; 6) has not served as a petit juror for six days during the preceding three months in the county court or during the preceding six months in the district court; 7) has not been convicted of a felony; and 8) is not under indictment or other legal accusation of a misdemeanor or felony theft or any other felony.

2. Article 35.16(a), entitled "Reasons for Challenge for Cause," provides:

A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. A challenge for cause may be made ... for any one of the following grounds:
1) That he is not a qualified voter in the state and county under the constitution and laws of the state; provided however, the failure to register to vote shall not be a disqualification; 2) That he has been convicted of theft or any felony; 3) That he is under indictment or other legal accusation for theft or any felony; 4) That he is insane; 5) That he has such defect in the organs of feeling or hearing, or such bodily or mental defect or disease as to render him unfit for jury service, or that he is legally blind and the court in its discretion is not satisfied that he is fit for jury service in that particular case; 6) That he is a witness in the case; 7) That he served on the grand jury which found the indictment; 8) That he served on a petit jury in a former trial of the same case; 9) That he has a bias or prejudice in favor of or against the defendant; 10) That from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence him in his action in finding a verdict ...; 11) That he can not read or write.
No juror shall be impaneled when it appears that he is subject to the second, third or fourth grounds of challenge for cause set fourth above, although both parties may consent. *All other grounds for challenge may be waived* by the party or parties in whose favor such grounds of challenge exist. (Emphasis added).

Its fifth ground maintains that Art. 35.16 applies—to the exclusion of § 62.102—but even if both apply, Art. 35.16(a)(1) implicitly requires county citizenship and provides for waiver.

The Court of Appeals held Art. 35.16 was not applicable because it does not require county citizenship. We disagree. Article 35.16 requires that jurors be qualified to vote in the county. A "qualified voter" is, among other things, over 18 years of age and a resident of the State. To be eligible to vote in the county, one must be a qualified voter and a resident of that county. *See* Tex. Elec.Code Ann. §§ 11.001, 11.002. "Residence means domicile, that is one's home and fixed place of habitation to which he intends to return after any temporary absence." *See id.*, at § 1.015. The Government Code does not define "citizen" or explain what county citizenship entails. However, according to the American Heritage Dictionary of the English Language 245 (1981), citizen means, "A resident of a city or town, especially one entitled to vote and enjoy other privileges there." Thus, county citizenship is included within county residency. Because Art. 35.16(a)(1) requires that jurors be qualified to vote in the county and the Election Code requires county residence to vote in county elections, Art. 35.16 necessarily provides that a venireperson who does not live in the county is subject to challenge. Therefore, we hold that county citizenship is a part of the Art. 35.16 requirement that a person be a qualified voter in the county under the constitution and laws of this state in order to be fit to serve as a juror.[3] *Accord, Gaona v. State,* 733 S.W.2d 611 (Tex.App.—Corpus Christi 1987, pet. ref'd)(non-resident of county was not qualified voter in county and subject to

challenge for cause under Art. 35.16(a)(1), but failure to challenge waived error); *Matthias v. State,* 695 S.W.2d 736 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd)(same). See also *Shelby,* 479 S.W.2d at 37 (age requirement for jurors is deemed incorporated into Art. 35.16's qualified voter requirement).

Article 35.16(a)(1) is a ground of challenge which may be waived. Section 62.102 of the Government Code, however, is silent on the issue of waiver. Although the Court of Appeals held that the § 62.102 qualifications are absolute and not subject to waiver, interpreting the Government Code in that manner conflicts with Art. 35.16(a). Provisions covering the same subject matter should be construed, if possible, in a way that gives effect to both. In the event of an irreconcilable conflict between two statutes, the more specific provision prevails unless the general provision was enacted later and it is apparent that the general provision was intended to prevail. V.T.C.A. Gov't Code § 311.026.

In *Cantu v. State,* 842 S.W.2d 667, 685 n. 13 (Tex.Crim.App.1992), we observed that Art. 35.16(2) disqualifies jurors with prior misdemeanor theft convictions, while § 62.102(7) disqualifies only those convicted of felony theft. We noted that § 62.102 applies to all juries, and that Art. 35.16 contains additional requirements that apply only to criminal cases. We harmonized the two statutes and held that the more restrictive provision, Art. 35.16(2), applies to criminal juries. In the instant case, both statutes address the same subject matter in that both require that jurors be residents of the county. The possible

3. The Court of Appeals held the county-citizenship requirement of § 62.102 was not included in the qualified county-voter requirement of Art. 35.16 because § 62.102 contains both requirements, and it assumed the legislature intended that they have different meanings. *Mayo.* 971 S.W.2d at 470. There was a time when the voting age was 18, but the minimum age to serve on a jury was 21. *See*

*Shelby v. State,* 479 S.W.2d 31, 33–34 (Tex. Crim.App.1972). While there is currently some overlap in the juror qualifications and voting requirements, this has not always been the case. Whether other qualifications are subsumed within the requirement that jurors be qualified voters depends on the laws relating to voting qualifications.

conflict is whether that qualification may be waived. Article 35.16 specifically requires an objection to avoid waiver, while § 62.102 does not mention waiver. We find no irreconcilable conflict.

Because the Code of Criminal Procedure specifically provides for waiver of certain qualifications in criminal cases, we hold that those qualifications found in the Government Code that are also contained in Art. 35.16 and are waivable under Art. 35.16 are waivable in a criminal case. Any other construction of § 62.102 would fail to give effect to Art. 35.16(a). *See Mangum v. State,* 493 S.W.2d 798 (Tex.Crim.App. 1973)(Tex. Rev. Civ. Stat. Ann. § 2094 jury wheel violation waived by failure to object, as required by Arts. 35.16 and 35.19, Tex. Crim. P.Code Ann.). Moreover, the plain language of § 62.102 does not foreclose this construction. *Compare Jenkins v. Chapman,* 636 S.W.2d 238 (Tex.App.— Texarkana 1982, writ. dism'd)(literacy requirement of Tex.Rev.Civ. Stat. Ann. § 2133, predecessor to § 62.102, waived by failure to object until after verdict); *Mendoza v. Varon,* 563 S.W.2d 646 (Tex.Civ. App.1978, writ ref. n.r.e.) (plaintiff who was made aware that juror was under felony indictment waived disqualification under Tex.Rev.Civ. Stat. Ann. § 2133 by agreeing to proceed to trial with juror).

▆ The Court of Appeals held that because § 62.102 sets out disqualifications couched in mandatory language, they are "absolute disqualifications," and permitting waiver would render them meaningless and subvert the will of the legislature. *Mayo,* 971 S.W.2d at 469–70. This analysis fails to recognize that the legislature did not assign the term "absolute disqualification" to § 62.102. Contrast this with Articles 35.19 and 44.46, Tex.Crim. P.Code Ann. In Art. 35.19, the legislature expressly stated that in criminal cases, the trial court may not seat a juror who is subject to any of three specified grounds for challenge even though the parties may consent. The legislature did not mandate that any of the § 62.102 qualifications could not be waived by agreement or otherwise. Furthermore, under Art. 44.46, even if an absolutely disqualified juror sits on a criminal jury, reversal of the conviction is permitted only if the defendant timely objected at trial or shows significant harm on appeal. A statute's use of mandatory language does not prevent the application of other rules relating to preservation of error, waiver, or harmless error, even though the statute itself does not explicitly address those matters. *See e.g. Cain v. State,* 947 S.W.2d 262 (Tex.Crim.App. 1997)(even mandatory statutes not categorically immune from harm analysis). In § 62.102, the legislature prescribed juror qualifications. It did not declare that a defendant cannot waive the right to have only qualified jurors by knowingly accepting a disqualified juror or by failing to inquire into the venireperson's qualifications. Moreover, § 62.102 does not purport to dictate that an appellate court must reverse a conviction rendered by a disqualified juror even if error was not preserved or was harmless.

The requirement that a juror be a county citizen is not an absolute requirement that cannot be waived. The District Attorney's fourth ground for review is sustained. This disposition makes it unnecessary to address other issues the District Attorney and the State Prosecuting Attorney raise in their petitions. All remaining grounds for review are dismissed as improvidently granted.[4] The judgment of the Court of Appeals is reversed and the cause is remanded to that Court to address Appellant's remaining points of error.

---

4. The dismissal of a ground for review as improvidently granted should not be interpreted as an endorsement of the Court of Appeals' opinion. *See Walker v. State,* 811 S.W.2d 131 (Tex.Crim.App.1991).