TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00669-CR







Keith Alan Grice, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BRAZORIA COUNTY, 23RD JUDICIAL DISTRICT


NO. 35,891, HONORABLE ROBERT E. MAY, JUDGE PRESIDING







Appellant Keith Alan Grice pleaded guilty before a jury to three counts of
aggravated sexual assault of a child. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B)
(West Supp. 2000). The jury assessed punishment for each count at imprisonment for life and a
$10,000 fine. Appellant contends certain evidence was erroneously admitted and his trial counsel
was ineffective. We will overrule these contentions and affirm.

An investigation of child pornography on the internet led police to appellant. 
Officers executing a warrant to search appellant's residence seized, among other things, two home
videotapes showing appellant engaging in sex acts with the children named in the three counts of
the indictment. Nine excerpts from these videotapes were shown to the jury. Appellant argues
in point of error one that the acts depicted were cumulative and, in light of his guilty plea, the
probative value of this evidence was substantially outweighed by the danger of unfair prejudice. 
See Tex. R. Evid. 403. The decision to admit evidence over a rule 403 objection is reviewed for
an abuse of discretion. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
(op. on reh'g).

The entry of a guilty plea before a jury does not restrict the State's right to present
evidence. See York v. State, 566 S.W.2d 936, 938 (Tex. Crim. App. 1978). Any evidence that
would be admissible under a plea of not guilty is also admissible under a plea of guilty. See id. 
The purpose of offering evidence in such a case is to enable the jury to intelligently exercise its
discretion in assessing punishment. See id. 

In this cause, those portions of the videotapes showing appellant engaging in the
acts alleged in the indictment were clearly admissible under the principles discussed in York. 
Evidence of other acts committed by the defendant against the same child victims was also
admissible "for its bearing on relevant matters," including the defendant's state of mind. See Tex.
Code Crim. Proc. Ann. art. 38.37, § 2 (West Supp. 2000); see also Tex. Code Crim. Proc. Ann.
art. 37.07, § 3(a) (West Supp. 2000) (evidence may be offered at punishment hearing "as to any
matter the court deems relevant to sentencing"). The district court's conclusion that the evidence
was neither unfairly prejudicial nor unnecessarily cumulative was within the zone of reasonable
disagreement. See Montgomery, 810 S.W.2d at 391. Point of error one is overruled.

In point of error three, appellant contends that State's exhibit seventeen, a
commercial pornographic videotape found in appellant's house during the search, should not have
been admitted because its probative value was substantially outweighed by the danger of unfair
prejudice. See Tex. R. Evid. 403. Appellant did not make this objection in the trial court and
therefore did not preserve this contention for review. See Tex. R. App. P. 33.1(a). Point of error
three is overruled.

In point of error two, appellant alleges that the police seized over one hundred
items, including "computer equipment, photographs, commercial videos, papers, intellectual
property matters of First Amendment interests, and clothing," during the search of his residence. 
He argues that the seizure of these items was not authorized by the search warrant and that the
district court erred by admitting this improperly seized evidence.

Only three items seized during the search were introduced in evidence. State's
exhibits ten and eleven, the two videotapes discussed under point of error one, are not mentioned
by appellant in this point of error and, in any event, he did not object to their admission on this
ground. State's exhibit seventeen, the commercial pornographic videotape previously discussed,
was not played for the jury. All the jury saw of this exhibit was its cover, with pictures of a man
and a woman engaged in sex acts. In light of the evidence showing appellant engaging in sex acts
with the complainants, and of other evidence showing that appellant posted fifty-eight
pornographic pictures of the complainants on the internet, we are satisfied that any error in the
admission of exhibit seventeen did not affect appellant's substantial rights. See Tex. R. App. P.
44.2(b). The only other evidence to which point of error two could possibly apply is State's
exhibits six through nine, four photographs of appellant's computer equipment taken by the police
during the search. Appellant stated that he had no objection when these exhibits were offered and
introduced, waiving any error. Point of error two is overruled.

Appellant's last point of error complains that he did not receive effective assistance
of counsel at trial. To prevail on this claim, appellant must show that counsel made such serious
errors that he was not functioning effectively as counsel and that these errors prejudiced
appellant's defense to such a degree that he was deprived of a fair trial. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim.
App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143
(Tex. App.--Austin 1992, pet. ref'd). We must indulge a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Most of appellant's complaints about trial counsel's performance concern jury
selection. After the court had ruled on all challenges for cause and the parties' peremptory strikes
had been made, but before the jury was empaneled and sworn, counsel told the court that he had
neglected to challenge for cause two of the twelve panelists selected for the jury. The court
granted the challenges and the next two panelists on the list were added to the jury. Appellant
now urges that counsel was ineffective because he did not challenge the two panelists at the proper
time, and because he did not request two additional peremptory strikes when the first error was
caught. It is obvious that the untimely challenges for cause did not prejudice appellant because
the challenges were granted. Appellant cites no authority suggesting that he was entitled to two
additional peremptory strikes under the circumstances shown.

Appellant points out that one of the two jurors added after the untimely challenges
were granted was a former police officer who ultimately served as jury foreman. In an affidavit
admitted in evidence at the new trial hearing, trial counsel stated that he did not attempt to strike
this panelist because he "told me point blank during voir dire that he could be fair despite his law
enforcement experience. Striking him would have necessitated accepting another juror who
believed strongly in retribution as the primary purpose of the criminal law." The failure to
challenge this panelist was clearly a matter of considered trial strategy that, on this record, we are
in no position to second-guess. See Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App.
1992).

Appellant also complains that trial counsel neglected to challenge a panelist who
was not a resident of Brazoria County, thereby waiving any complaint that this disqualified person
served on the trial jury. See Mayo v. State, 4 S.W.3d 9, 12 (Tex. Crim. App. 1999). In his
affidavit, trial counsel acknowledged that he did not notice that the panelist's juror information
card indicated a Wharton County residence. Appellant made no effort at the new trial hearing to
demonstrate that this juror was otherwise objectionable or that her presence on the jury prejudiced
him in any way.

Finally, appellant complains of trial counsel's failure to object to the introduction
of State's exhibits six through nine, the photographs of his computer equipment. This complaint
was not made in appellant's motion for new trial or mentioned at the new trial hearing. Given
the state of the record, appellant has not overcome the presumption that counsel's failure to object
was a reasonable one. See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). 
Further, it cannot be said on this record that the failure to object to the introduction of the
photographs affected the outcome of the trial. Point of error four is overruled.

The judgment of conviction is affirmed.




 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish




of counsel at trial. To prevail on this claim, appellant must show that counsel made such serious
errors that he was not functioning effectively as counsel and that these errors prejudiced
appellant's defense to such a degree that he was deprived of a fair trial. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim.
App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143
(Tex. App.--Austin 1992, pet. ref'd). We must indulge a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Most of appellant's complaints about trial counsel's performance concern jury
selection. After the court had ruled on all challenges for cause and the parties' peremptory strikes
had been made, but before the jury was empaneled and sworn, counsel told the court that he had
neglected to challenge for cause two of the twelve panelists selected for the jury. The court
granted the challenges and the next two panelists on the list were added to the jury. Appellant
now urges that counsel was ineffective because he did not challenge the two panelists at the proper
time, and because he did not request two additional peremptory strikes when the first error was
caught. It is obvious that the untimely challenges for cause did not prejudice appellant because
the challenges were granted. Appellant cites no authority suggesting that he was entitled to two
additional peremptory strikes under the circumstances shown.

Appellant points out that one of the two jurors added after the untimely challenges
were granted was a former police officer who ultimately served as jury foreman. In an affidavit
admitted in evidence at the new trial hearing, trial counsel stated that he did not attempt to strike
this panelist because he "told me point blank during voir dire that he could be fair despite his law
enforcement experience. Striking him would have necessitated accepting another juror who
believed strongly in retribution as the primary purpose of the criminal law." The failure to
challenge this panelist was clearly a matter of considered trial strategy that, on this record, we are
in no position to second-guess. See Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App.
1992).

Appellant also complains that trial counsel neglected to challenge a panelist who
was not a resident of Brazoria County, thereby waiving any complaint that this disqualified person
served on the trial jury. See Mayo v. State, 4 S.W.3d 9, 12 (Tex. Crim. App. 1999). In his
affidavit, trial counsel acknowledged that he did not notice that the panelist's juror information
card indicated a Wharton County residence. Appellant made no effort at the new trial hearing to
demonstrate that this juror was otherwise objectionable or that her presence on the jury prejudiced
him in any way.

Finally, appellant complains of trial counsel's failure to object to the introduction
of State's exhibits six through nine, the photographs of his computer equipment. This complaint
was not made in appellant's motion for new trial or mentioned at the new tri