### In the Matter of J.O.

### No. 04–00–00038–CV.

Court of Appeals of Texas, San Antonio.

Dec. 29, 2000.

Margaret Upton, San Antonio, Attorney for Appellant.

Enrico B. Valdez, Assistant Criminal District Attorney, San Antonio, Attorney for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice.

Opinion by ALMA L. LÓPEZ, Justice.

The appellant, J.O., was charged with engaging in delinquent conduct by committing the offenses of aggravated sexual assault and indecency with a child. J.O. was tried with his brother, A.R., a co-defendant, before a jury, and the jury found that J.O. engaged in delinquent conduct as charged. The trial judge subsequently placed J.O. on probation outside his home. In this appeal, J.O. contends he is entitled to a new adjudication hearing because one of the jurors for his trial was disqualified under section 62.102 of the government code.

Section 62.102 of the Texas Government Code specifies the qualifications for jury service. Specifically, the section provides that "[a] person is disqualified to serve as a petit juror unless he: ... is a citizen of this state and of the county in which he is to serve as a juror." TEX. GOV'T CODE ANN. § 62.102 (Vernon 1998). In this case, it is clear that a disqualified person served on J.O.'s jury. After the adjudication hearing, the trial judge received a call from a juror who asked whether a non-citizen could serve as a member of a jury. The caller stated that Mario Escamilla, a juror in J.O.'s adjudication hearing, was not a citizen. In response, the trial judge called the attorneys for the parties and conducted a hearing.

During the hearing, Escamilla testified that he was born in Honduras. Escamilla stated that he was not a citizen, but was a resident alien, and that he reported for jury duty believing that he could serve as a juror. Escamilla further testified that he did not remember being asked about whether he was a citizen, and that he had acted impartially in serving on J.O.'s jury.

After Escamilla was excused, A.R.'s attorney stated the he intended to file a motion for new trial, and then verbally moved for a mistrial. J.O.'s attorney stated only that he would like time to look over the State's authority for denying the motion for mistrial. The trial judge denied the motion, stating:

My ruling at this time is the oral motion for mistrial is denied because I believe all the parties were given notice on the juror information card, it is clear that juror Mr. Mario Escamilla was born in Honduras and each side had an opportunity to question, to make challenges for cause. No one challenged him. In fact, I went through all of the juror information cards and there was also a juror

from Mexico and one from Canada and no one, not the State nor counsel for [A.R.] or counsel for [J.O.], asked any of these individuals if they were U.S. citizens. Prior to empaneling the jury all parties were asked if there were any objections to the jurors selected and no one objected. So the motion is denied. That does not preclude a written motion and further research to ask the Court to reconsider.

Although no written motion for new trial was ever filed, J.O. complains on appeal that the trial judge erred by denying his motion for new trial. J.O. argues that he did not waive the issue of Escamilla's disqualification and that the presence of a non-citizen on his jury amounted to a constitutional flaw that is immune from harm analysis.

■ To preserve an issue for appellate review, an appellant must make a timely and specific objection at trial, and obtain a ruling from the trial court. *See* Tex.R.App. P. 33.1. Otherwise, the issue is waived on appeal. In *Mayo v. State*, the Court of Criminal Appeals considered whether "county citizenship" was an absolute juror qualification under section 62.102 and whether it could be waived by failing to challenge a prospective juror for cause under article 35.16 of the Code of Criminal Procedure. *Mayo v. State*, 4 S.W.3d 9, 12 (Tex.Crim.App.1999). The Court determined that the requirement that a juror be a county citizen is not an absolute requirement that cannot be waived. *Mayo*, 4 S.W.3d at 12. In making this determination, the Court noted that the legislature did not mandate that any of the section 62.102 qualifications could not be waived, and that section 62.102 does not require a court of appeals to reverse a conviction rendered by a disqualified juror even if the error was not preserved. *Id.* Although *Mayo* concerned a criminal trial, we note that this court has applied this reasoning to civil cases as well. *See Mercy Hosp. of Laredo v. Rios*, 776 S.W.2d 626, 628 (Tex. App.—San Antonio 1989, writ denied)

(stating that appellant waived any complaint as to literacy by accepting a juror and then waiting until an unfavorable verdict was rendered to complain, notwithstanding appellant's argument that it could not have known of juror's illiteracy until after post-verdict interview); *Fish v. Bannister*, 759 S.W.2d 714, 722 (Tex.App.— San Antonio 1988, no writ) (failure to raise issue of juror disqualification based on jury misconduct, in motion for new trial waived issue on appeal).

■ Applying this reasoning here, we find that J.O. waived his complaint about Escamilla's service on his jury. J.O. neither challenged Escamilla for cause, nor raised Escamilla's disqualification in a motion for new trial. Notably, J.O. does not complain that he was deprived of a fair proceeding-only that the presence of a disqualified juror constitutes a constitutional flaw. Juror qualifications, however, are set forth in the government code, not the constitution. Although our analysis of this issue may have been different had J.O. shown that he was harmed by Escamilla's presence on his jury, no harm has been shown. Instead, the record indicates that J.O. was adjudicated in a fair proceeding. We overrule J.O.'s issue and affirm the judgment of the trial court.