NUMBER 13-03-660-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ROBERT DEAN WILKINS,                                                   Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 377th District Court
of Victoria County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez
         Appellant, Robert Dean Wilkins, was indicted for felony driving while intoxicated
with a deadly weapon as a repeat offender.


 A jury returned a guilty verdict and
assessed punishment at thirteen years in the Institutional Division of the Texas
Department of Criminal Justice and a $10,000.00 fine. The trial court has certified
that this is not a plea bargain case and that Wilkins has the right of appeal. See Tex.
R. App. P. 25.2. By one point of error, Wilkins complains that the trial court erred
when it overruled his motion for mistrial that was based on the non-residency of a
juror. We affirm.
I. Background
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.II. Analysis
         By his sole point of error, Wilkins complains that the trial court erred in
overruling his motion for mistrial, a motion based on a juror being a non-resident of
Victoria County.
         The juror in question prepared his questionnaire and handed it to the clerk before
voir dire. The State and Wilkins received a copy of the questionnaire. The trial court
informed the prospective venire persons that, "You must be a citizen of the State of
Texas and a resident of Victoria County." See Tex. Code Crim. Proc. Ann. art.
35.16(a)(1) (Vernon 1989) (providing that venire person who does not live in the
county is subject to challenge). The juror was present and did not respond negatively
or approach the bench when invited to do so. Wilkins made no objections.
         Approximately half way through the trial, after the State had presented two of
its four witnesses, a question was raised regarding this juror's residency. The juror
informed the trial court that although his questionnaire reflected his home address as
Mission, Texas, his home was in Victoria at the time of the trial. The juror explained
that he was planning to move to the Valley "later on." In response to Wilkins's
request for a mistrial the trial court stated, "[T]he [c]ourt recognizes Mission, Texas,
is not in Victoria County, but also recognizes that his residence is more or less a state
of mind, and his state of mind is in Victoria at this time and, therefore, the court will
overrule your Motion for Mistrial." See Heiselbetz v. State, 906 S.W.2d 500, 509
(Tex. Crim. App. 1995) (holding juror's residence was where he received mail and
voted, and where he intended his permanent residence to be); see also Mills v. Bartlett,
377 S.W.2d 636, 637 (Tex. 1964) (explaining meaning of term "residence" depends
on circumstances surrounding person involved and upon present intention of
individual).
         An appellant must make a challenge for cause that a juror is not a resident of
the county where trial is held, or the point is waived. See Mayo v. State, 4 S.W.3d
9, 12 (Tex. Crim. App. 1999). Rather than challenging for cause, Wilkins moved for
a mistrial. On appeal, he argues that this should be enough to preserve error. We
disagree. Wilkins's failure to challenge the juror during voir dire examination waived
the error for our review. See Gaona v. State, 733 S.W.2d 611, 617-18 (Tex.
App.–Corpus Christi 1987, pet. ref'd) (holding appellant waived any error by failing to
inquire about juror's qualifications during voir dire examination and by failing to assert
his challenge at that time). To hold otherwise would be to invite either the defendant
or the State to wait until a propitious moment to challenge a juror and move for a
mistrial. Furthermore, the incorrect information given on the juror's form was not
material information likely to affect his verdict. Id. (citing Matthias v. State, 695
S.W.2d 736, 741 (Tex. App.–Houston [14th Dist.] 1985, pet. ref'd)). Appellant's sole
point of error is overruled.
III. Conclusion
         Accordingly, we affirm the judgment of the trial court.                                                                                           
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 9th day of June, 2005.