TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00531-CR





Clark Ken Hussman, Appellant

v.

The State of Texas, Appellee




FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. CR2008-529, HONORABLE DIB WALDRIP, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury found appellant Clark Ken Hussman guilty of felony driving while intoxicated. 
See Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2010). The trial court
assessed punishment, enhanced by two previous felony convictions, at thirty-five years, five months,
and twenty-nine days in prison.
Appellant’s court-appointed attorney has filed a motion to withdraw supported by a
brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of
Anders v. California, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See also Penson v. Ohio,
488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). 
After receiving a copy of the record and of counsel’s brief, appellant filed his own
pro se brief asserting ten grounds of error. We will state each of appellant’s contentions and briefly
explain why it lacks arguable merit. See Garner v. State, 300 S.W.3d 763, 767 (Tex. Crim. App.
2009); Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).
1. The evidence of guilt is factually insufficient. This standard of review is no longer
used. Brooks v. State, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *57 (Tex. Crim.
App. Oct. 6, 2010).
2. Evidence that appellant refused to take a breath test was erroneously admitted
because he was not given the statutory warning in writing. See Tex. Transp. Code Ann. § 724.015
(West Supp. 2010). The jail video admitted in evidence shows that appellant was given a written
copy of the statutory warning and read along as the officer read the warning orally.
3. The trial court erred by refusing to instruct the jury not to consider the results of
the field sobriety tests without first finding that the tests were properly administered. The authority
cited by appellant is inapplicable. See Atkinson v. State, 871 S.W.2d 252, 257 (Tex.
App.—Fort Worth 1994), aff’d, 923 S.W.2d 21 (Tex. Crim. App. 1996). That case had to do with
the admissibility of breath test results. By statute, such tests must be administered in accordance
with departmental guidelines. See Tex. Transp. Code Ann. § 724.016 (West 1999). There is no
similar statute applying to field test results.
4. The trial court abused its discretion. This multifarious contention restates
appellant’s other contentions.
5. The evidence of guilt is legally insufficient. The evidence shows that appellant’s
vehicle rammed another vehicle from behind as both were driving along a highway near
Canyon Lake. The rammed vehicle was forced off the road, and other vehicles had to take evasive
action. Appellant’s vehicle made several circles in a field, then continued on to his wife’s place of
employment. His wife was not there, but her employer testified that appellant appeared to be “either
drunk or high.” The department of public safety trooper who administered the field tests testified
that appellant smelled of alcohol, and that the field tests indicated intoxication. The jury also saw
the trooper’s in-car video of the field tests and the jail video. It is inarguable that when all of the
evidence is viewed in the light most favorable to the verdict, a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307, 324 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).
6. Ineffective assistance of counsel both at trial and on appeal. In the absence of a
record focusing on the conduct of counsel at trial, appellant cannot overcome the strong presumption
that counsel’s conduct fell within the wide range of reasonable professional assistance. See Jackson
v. State, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). We find that appellate counsel has
fulfilled his obligations.
7. The jurors were biased because they could not put aside their knowledge of
appellant’s two prior DWI convictions. Appellant has not identified any member of the jury who
indicated that he or she would assume appellant’s guilt based on the priors.
8. One of the jurors may not have been a resident of Comal County. This is a
waivable matter. Tex. Code Crim. Proc. Ann. art. 35.16(a) (West 2006); Mayo v. State, 4 S.W.3d 9,
11 (Tex. Crim. App. 1999). This issue arose before testimony began, and counsel for both parties
agreed to continue with the juror.
9. The court erred by admitting statements by appellant obtained in violation of his
Miranda rights. The trial court found that appellant was not in custody when the statements were
made, and the evidence supports that ruling.
10. Appellant was denied access to exculpatory evidence in violation of his due
process rights. Although appellant refused to take a breath test, he claims (without evidentiary
support) that he asked for a blood test but the request was denied. The evidence does show that the
trooper did not ask for a blood sample. It is pure speculation for appellant to assert that a blood test
would have shown that he was not intoxicated.
We have reviewed the record and find no reversible error. See Garner, 300 S.W.3d
at 766; Bledsoe, 178 S.W.3d at 826-27. We have explained why the issues raised in appellant’s
pro se brief have no arguable merit. We agree with counsel that the appeal is frivolous. Counsel’s
motion to withdraw is granted.



The judgment of conviction is affirmed.
 
 
                                    ___________________________________________
                                    Jan P. Patterson, Justice
Before Justices Patterson, Puryear and Henson
Affirmed
Filed: December 1, 2010
Do Not Publish