# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00531-CR

**Clark Ken Hussman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2008-529, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Clark Ken Hussman guilty of felony driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2010). The trial court assessed punishment, enhanced by two previous felony convictions, at thirty-five years, five months, and twenty-nine days in prison.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

After receiving a copy of the record and of counsel's brief, appellant filed his own pro se brief asserting ten grounds of error. We will state each of appellant's contentions and briefly explain why it lacks arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

1. The evidence of guilt is factually insufficient. This standard of review is no longer used. *Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *57 (Tex. Crim. App. Oct. 6, 2010).

2. Evidence that appellant refused to take a breath test was erroneously admitted because he was not given the statutory warning in writing. *See* Tex. Transp. Code Ann. § 724.015 (West Supp. 2010). The jail video admitted in evidence shows that appellant was given a written copy of the statutory warning and read along as the officer read the warning orally.

3. The trial court erred by refusing to instruct the jury not to consider the results of the field sobriety tests without first finding that the tests were properly administered. The authority cited by appellant is inapplicable. *See Atkinson v. State*, 871 S.W.2d 252, 257 (Tex. App.—Fort Worth 1994), *aff'd*, 923 S.W.2d 21 (Tex. Crim. App. 1996). That case had to do with the admissibility of breath test results. By statute, such tests must be administered in accordance with departmental guidelines. *See* Tex. Transp. Code Ann. § 724.016 (West 1999). There is no similar statute applying to field test results.

4. The trial court abused its discretion. This multifarious contention restates appellant's other contentions.

5. The evidence of guilt is legally insufficient. The evidence shows that appellant's vehicle rammed another vehicle from behind as both were driving along a highway near

2

Canyon Lake. The rammed vehicle was forced off the road, and other vehicles had to take evasive action. Appellant's vehicle made several circles in a field, then continued on to his wife's place of employment. His wife was not there, but her employer testified that appellant appeared to be "either drunk or high." The department of public safety trooper who administered the field tests testified that appellant smelled of alcohol, and that the field tests indicated intoxication. The jury also saw the trooper's in-car video of the field tests and the jail video. It is inarguable that when all of the evidence is viewed in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

6. Ineffective assistance of counsel both at trial and on appeal. In the absence of a record focusing on the conduct of counsel at trial, appellant cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994). We find that appellate counsel has fulfilled his obligations.

7. The jurors were biased because they could not put aside their knowledge of appellant's two prior DWI convictions. Appellant has not identified any member of the jury who indicated that he or she would assume appellant's guilt based on the priors.

8. One of the jurors may not have been a resident of Comal County. This is a waivable matter. Tex. Code Crim. Proc. Ann. art. 35.16(a) (West 2006); *Mayo v. State*, 4 S.W.3d 9, 11 (Tex. Crim. App. 1999). This issue arose before testimony began, and counsel for both parties agreed to continue with the juror.

9.  The court erred by admitting statements by appellant obtained in violation of his *Miranda* rights.  The trial court found that appellant was not in custody when the statements were made, and the evidence supports that ruling.

10.  Appellant was denied access to exculpatory evidence in violation of his due process rights.  Although appellant refused to take a breath test, he claims (without evidentiary support) that he asked for a blood test but the request was denied.  The evidence does show that the trooper did not ask for a blood sample.  It is pure speculation for appellant to assert that a blood test would have shown that he was not intoxicated.

We have reviewed the record and find no reversible error.  *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27.  We have explained why the issues raised in appellant's pro se brief have no arguable merit.  We agree with counsel that the appeal is frivolous.  Counsel's motion to withdraw is granted.[1]

The judgment of conviction is affirmed.

_____
Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:  December 1, 2010

Do Not Publish

---

[1]  Appellant's pro se motion for time to respond to State's brief is dismissed as moot.