# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00352-CR

**Scotty Lynn Collum, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 00-293-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

Appellant Scotty Lynn Collum appeals his conviction for aggravated robbery. *See* Tex. Pen. Code Ann. ' 29.03 (West 1994). Appellant asks this Court to reverse his conviction and render a judgment of acquittal on two grounds: (1) he was subjected to double jeopardy because the trial of his case proceeded with a second jury; and (2) the jury was improperly qualified by a county court at law judge, and therefore violated his rights under article I, section 10 of the Texas Constitution. Alternatively, appellant asks this Court to reverse his conviction and remand the case to the district court for a new trial because he received ineffective assistance of counsel at trial. We will affirm the judgment of the trial court.

## BACKGROUND

On March 24, 2000, Ralph Moreno, a loss prevention employee of the Target store in Round Rock, observed appellant enter the store, remove the contents of several boxes of Suphedrine, and conceal the contents on his person. After appellant left the store without paying for the Suphedrine, Moreno

followed appellant, approached him, identified himself as ATarget security,@ and instructed appellant to return to the store. Appellant ignored Moreno and kept walking away. After Moreno made his request a second time, appellant turned around, pulled a revolver from his pocket, pointed the gun at Moreno, and shouted at him to get back. Moreno backed away, and appellant ran off. Twenty minutes later Round Rock police apprehended appellant while he was attempting to hide in a nearby parking lot.

The State indicted appellant for aggravated robbery, a first degree felony offense. On March 5, 2001, the day set for trial, appellant moved for a continuance, partly on the ground that a witness he needed for his defense could not be located. The trial court delayed ruling on the motion and allowed voir dire to continue while the State attempted to locate the witness. The district court stated:

> [T]he one concern in my mind is this witness the State is going to be looking for this afternoon. What I propose to do to cure that problem, if it is a problem, is to go through the voir dire this afternoon, not swear the jury in, have them come back Wednesday morning as opposed to tomorrow morning and see if we=ve located that witness this afternoon and make sure that you have an opportunity to visit with that witness tomorrow.

Two days later, the witness was still unavailable, and the district court granted appellant=s motion for continuance. The court informed appellant that pursuant to the motion the jury would be dismissed and the entire process repeated at a later date; the court dismissed the jury after clarifying on the record that the jury had not been sworn. On May 21, 2001, another jury was selected, impaneled, and sworn. The jury found appellant guilty of aggravated robbery and assessed his punishment at fifty years in the Institutional Division of the Texas Department of Criminal Justice, as well as a $5,000 fine.

## DISCUSSION

*Double Jeopardy*

In his first issue, appellant contends that jeopardy attached when the first jury was selected and impaneled, even though the record clearly reflects that it was not sworn. In a jury trial, jeopardy attaches when the jury is impaneled and *sworn*. *See Crist v. Bretz*, 437 U.S. 28, 29 (1978); *see also Ex parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992); *McElwee v. State*, 589 S.W.2d 455, 457-60 (Tex. Crim. App. 1979). Here, the record clearly reflects that the jury was not sworn. Appellant argues, however, that in his case jeopardy attached as soon as the first jury was selected and impaneled.

Appellant raises this issue for the first time on appeal. He failed to raise any objection at trial and therefore failed to preserve his complaint for appeal. *See* Tex. R. App. P. 33.1(a). Even a claim of double jeopardy must be preserved for appeal. *See Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000) (holding that double jeopardy issue must be raised at, or before, time charge is submitted to jury). Appellant acknowledges that he did not raise the double jeopardy issue at trial, but relying on *Gonzales*, contends that an exception to the general rule requiring preservation applies in the present case:

> [B]ecause of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal . . . when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests.

*Id.* at 643. Appellant contends that the record clearly reflects a double jeopardy violation because jeopardy attached when the jury was selected and impaneled. *But see McElwee*, 589 S.W.2d at 457-60. According to appellant, the oath requirement is a mere Amagic words@ formality, and is irrelevant to whether his trial by the second jury violated his Fifth Amendment right.

**3**

This Court has emphasized that "the critical question is not whether the defendant raised the double jeopardy issue in the trial court, but whether the record before the appellate court clearly reflects a double jeopardy violation." *Duvall v. State*, 59 S.W.3d 773, 777 (Tex. App.—Austin 2001, pet. ref=d). In the present case, when the district court granted appellant=s motion for continuance and dismissed the first jury, it made "clear on the record that the jury has not been sworn." On the face of the record, it is not clearly apparent that the district court subjected appellant to double jeopardy by dismissing an unsworn jury pursuant to appellant=s motion for continuance. In addition, appellant failed to raise the double jeopardy issue at trial. Therefore, appellant=s first issue is overruled.

*Properly Qualified Jury*

In his second issue, appellant contends that he was denied the right to trial by a "properly qualified" jury in violation of article I, section 10, of the Texas Constitution. *See* Tex. Const. art. I, ' 10.[1] The record reflects that on May 18, 2001, the venire panel was summoned to the court and apparently qualified by Judge Higginbotham.[2] Three days later, Judge Carnes, the district court judge, presided during the voir dire. According to appellant, Judge Higginbotham is a county court at law judge.[3] Based on his

---

[1] The Bill of Rights in the Texas Constitution recognizes the right to trial by jury: "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury." Tex. Const. art. I, ' 10.

[2] Appellant infers Judge Higgenbotham=s involvement in jury qualification from the district court=s statements to the venire panel prior to voir dire: "[F]irst of all, let me start out and ask: Did Judge Higginbotham explain why we have you come in on Friday afternoons now and then reassigned out? It=s simply a matter of space. . . . So we=ve had to go to Friday afternoon qualifications."

[3] Appellant requests that we take judicial notice that the Honorable Don Higginbotham is the Presiding Judge of Williamson County Court at Law No. 3. We note that the State disputes the facts on

4

interpretations of various statutory provisions of the Government Code, appellant argues that a panel of prospective jurors Amust be examined by a district judge as to the legal qualifications of the panel members to serve on a criminal jury.@ Appellant therefore requests that this Court set aside his conviction and sentence and remand the case for a new trial on the merits.

Appellant acknowledges that he did not raise an objection on this issue at trial. *See* Tex. R. App. P. 33.1(a). The failure to make a timely objection waives the right to challenge the jury=s qualifications. *See Mayo v. State*, 4 S.W.3d 9, 12 (Tex. Crim. App. 1999). Section 62.102 of the Government Code prescribes the qualifications for jurors. *See* Tex. Gov=t Code Ann. ' 62.102 (West 1998). These qualifications are not absolute and can be waived. *See Mayo*, 4 S.W.3d at 12. A[E]ven if an absolutely disqualified juror sits on a criminal jury, reversal of the conviction is permitted only if the defendant timely objected at trial or shows significant harm on appeal.@ *Id.*

Appellant does not contend that any of the jurors were unqualified for jury service. However, his complaint that a county court at law judge was the improper judge to determine juror qualifications amounts to the same contention. If appellant was concerned that Judge Higginbotham improperly qualified the venire panel, he was required to object prior to the impaneling and swearing of the jury. *Id.*; *see also Andrews v. State*, 359 So.2d 1172, 1175 (Ala. Crim. App. 1978) (AFailure to make a timely objection waives the right to question the jury=s qualifications.@).

---

this point, arguing that while the record refers to AJudge Higginbotham,@ it makes no mention of that judge=s court or regular judicial assignment.

Appellant invokes Rule 103(d) of the Texas Rules of Evidence, which states that in a criminal case notice can be taken of Afundamental errors affecting substantial rights although they were not brought to the attention of the court.@ Tex. R. Evid. 103(d).[4] Appellant emphasizes that constitutional provisions bear on the selection of a jury for the trial of a criminal case. However, Athe constitutional right to trial by an impartial jury is not violated by every error in the selection of a jury.@ *Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim. App. 1998). A fundamental error is presented only where an Aappellant can show he was denied a trial by a fair and impartial jury.@ *Id.* at 392. For example, where an appellant seeks reversal for an erroneous sustaining of a challenge for cause, it must be shown that Athe jury, as finally constituted, was biased or prejudiced; or that appellant was deprived of trial by an impartial jury.@ *Id.* at 391. Appellant has not contended, and has further failed to show, that the jury as finally constituted was not an impartial jury.[5] Accordingly, appellant was required to voice this objection to preserve the issue for appeal. Appellant concedes he made no such objection; therefore, his issue is overruled.

---

[4] We note that appellant=s issue does not involve an evidence question.

[5] Appellant submits that a jury venire Aqualified@ by a county court at law judge Aconstitutes error which defies any meaningful harm analysis@ precisely because there is Ano way of knowing whether qualified veniremen were improperly excused, or if disqualified veniremen were improperly left on the panel.@ This argument falls short of a showing that the jury was biased and prejudiced, so as to deprive appellant of his right to an impartial jury.

**6**

*Ineffective Assistance of Counsel*

In his third and final issue, appellant claims that his trial counsel=s failure to preserve his first two issues for appellate review denied him the effective assistance of counsel, thereby violating his Sixth Amendment right to a fair trial under the Federal Constitution. *See Cuyler v. Sullivan*, 446 U.S. 335, 343-44 (1980); *see also Gideon v. Wainwright*, 372 U.S. 335, 339-40 (1963) (holding that right to counsel is necessary to protect fundamental right to fair trial). The Supreme Court established a two prong test for determining ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986), Texas adopted the *Strickland* test. To establish ineffective assistance of counsel, an appellant must first show counsel=s performance was deficient to the extent that it fell below a minimum objective level of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687-88. Second, appellant must demonstrate that he was prejudiced by such performance, so that the result of the trial would have been different had appellant=s counsel properly objected. *Id.* at 691-92.

Appellant emphasizes that any finding of ineffective assistance of counsel must be predicated upon two prior determinations. First, we must determine that Ajeopardy attached with the selection of the first jury, so that the trial in this case violated double jeopardy protections and C *if properly challenged in the trial court* C the issue would have been preserved for appellate review.@ Second, we must determine that Athe jury that ultimately heard this case was not properly constituted, so that the appellant would be entitled to a new trial on the merits, *had he challenged this jury in the trial court*, thereby preserving the

**7**

issue for appellate review.@ We have overruled appellant=s first two issues, and he has not demonstrated that his trial counsel rendered ineffective assistance.

A determination of whether appellant received ineffective assistance of counsel requires some evidence regarding such matters as the defense counsel=s strategy, which can be developed at a hearing on a motion for new trial; otherwise, we must presume the attorney made his decisions reasonably. *Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999). The record contains no hearing on appellant=s motion for new trial and no record developing his claim of ineffectiveness of counsel. Based on the record before us, appellant cannot overcome the strong presumption that his trial counsel provided reasonable professional assistance. *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993); *Flores v. State*, 18 S.W.3d 796, 799-800 (Tex. App.CAustin 2000, no pet.).

Further, counsel does not render ineffective assistance of counsel by failing to preserve an error that is not reversible. *See Mathews v. State*, 960 S.W.2d 750, 753 (Tex. App.CTyler 1997, no pet.). Failure to object constitutes ineffective assistance of counsel only when, viewing the totality of the circumstances, the error falls outside professional norms and prejudices the defense such that there is a reasonable probability that the trial result would have been different but for the error. *See Washington v. State*, 771 S.W.2d 537, 545 (Tex. Crim. App. 1989). Because the record clearly reflects that the first jury was not sworn, and because appellant has failed to establish that any jurors were unqualified, we cannot say that his counsel=s failure to object falls outside professional norms and prejudiced the defense such that the outcome of the trial would have been different but for the error. *See Strickland*, 466 U.S. at 692. Accordingly, we overrule appellant=s third issue.

## CONCLUSION

Appellant=s issues on appeal are overruled.  We therefore affirm the judgment of the district court.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   May 2, 2002

Publish