# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00072-CR

**Delores Hudson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. 590551, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Delores Hudson appeals from her conviction for driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). After a jury verdict of guilty, the court imposed a 180-day jail sentence and a $1000.00 fine, both probated for two years. In two issues on appeal, appellant contends that her conviction was void because trial counsel did not render effective assistance. We will affirm the conviction.

### Factual Background

Appellant and her husband Donald were returning to San Antonio from a night out in Austin. At about 1:00 a.m., they had a heated argument. As a result, appellant left their car, a Mitsubishi, while it was still in motion on an inclined exit ramp. With the driver's side door still open, the car began to roll backwards towards oncoming traffic. Appellant was running alongside

the car, apparently trying to catch up with it. Appellant's husband tried to steer from the passenger side, but the car hit an oncoming sports utility vehicle (SUV).

After the accident, Hudson told the SUV's passenger that she was driving the Mitsubishi. She later admitted she was the driver to Officer Gary Hanna of the Austin Police Department. While at the scene, Donald Hudson said appellant was the driver but at trial testified that he had been the driver and had lied to police because "he had to save his family from financial ruin." Appellant did not testify. The only contested issue at trial was whether appellant operated the vehicle; she did not contest intoxication.

In two issues on appeal, appellant contends that the conviction is void because trial counsel did not render effective assistance in that he allowed improperly admitted evidence that appellant was the driver, did not inquire into the voluntariness of Hudson's statements to the police that she had been driving, and did not object to a leading question.

## Discussion

### *Ineffective Assistance*

The Sixth Amendment to the United States Constitution guarantees the right to the reasonably effective assistance of counsel in a state criminal proceeding. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). To show ineffective assistance of counsel, a convicted defendant must show that his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning effectively as counsel; and the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984);

2

*Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland*). Prejudice is demonstrated when the convicted defendant shows "a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Banks v. State*, 819 S.W.2d 676, 681 (Tex. App.—San Antonio 1991, pet. ref'd). Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the results unreliable. *Strickland*, 466 U.S. at 687; *Oestrick v. State*, 939 S.W.2d 232, 237 (Tex. App.—Austin 1997, pet. ref'd).

Under *Strickland*, a defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); *Parmer v. State*, 38 S.W.3d 661, 665 (Tex. App.—Austin 2000, pet. ref'd). Whether the *Strickland* test has been met is judged by the totality of the representation rather than by isolated acts or omissions of trial counsel, and the test is applied at the time of the trial, not through hindsight. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); *Banks*, 819 S.W.2d at 681. Judicial review of a defendant's claim of ineffective assistance must be highly deferential to trial counsel. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813; *Josey v.*

3

*State*, 97 S.W.3d 687, 696 (Tex. App.—Texarkana 2003, no pet.). In the absence of direct evidence in the record of counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can be imagined. *Thompson*, 9 S.W.3d at 813. The challenged conduct will not, under the circumstances, constitute deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *See Garcia*, 57 S.W.3d at 441; *Thompson*, 9 S.W.3d at 814.

### *Trial Counsel's Actions*

We now examine the actions of counsel that appellant complains constitute ineffective assistance. In this case, appellant did not file a motion for new trial raising the issue of ineffectiveness of counsel. Because we have no record developing evidence concerning such matters as defense counsel's strategy, we presume counsel made his decisions reasonably. *See Thompson*, 9 S.W.3d at 814-15; *Collum v. State*, 96 S.W.3d 361, 367 (Tex. App.—Austin 2002, no pet.). Appellant complains that the statements she made to the passenger in the SUV and to Hanna at the scene were improperly admitted because they were hearsay. The State responds that the statements were properly admitted as "admissions by a party-opponent." *See* Tex. R. Evid. 801(e)(2)(A).

A criminal defendant's statements, when offered against her, are not hearsay. *Id*.; *Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999); *see also Drone v. State*, 906 S.W.2d 608, 611 (Tex. App.—Austin 1995, pet. ref'd). The statements are admissible on the theory that a party is estopped from challenging the fundamental reliability or trustworthiness of her own statements. *Trevino*, 991 S.W.2d at 853. Unlike statements against interest, party admissions need not be against the interest of the party when made; in order to be admissible, the admission need only

4

be offered as evidence against the party. *Id.* It was not ineffective assistance to fail to make a futile objection. *See Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002) (in making claim of ineffective assistance based on failure to object to admission of evidence, appellant must show that evidence was inadmissible).

Appellant also contends that counsel was ineffective for failing to inquire into the voluntariness of appellant's admissions to police that she was driving. Appellant admitted to Hanna she had been driving. However, at the time she made this statement, the record contains no indicia that she was in custody or deprived of her freedom of action in any significant way such that the necessity of protecting the privilege against self-incrimination existed. *See* Tex. Code Crim. Proc. Ann. art. 38.22 (West Supp. 2003); *Miranda v. Arizona*, 384 U.S. 436, 478 (1966); *State v. Waldrop*, 7 S.W.3d 836, 838 (Tex. App.—Austin 1999, no pet.). Roadside questioning of a motorist detained on a routine traffic stop is not necessarily custodial interrogation. *See Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *Waldrop*, 7 S.W.3d at 839. That the law enforcement officer first encounters a defendant in the context of a traffic accident does not convert the roadside encounter into custodial interrogation. *See State v. Stevenson*, 958 S.W.2d 824, 828 (Tex. Crim. App. 1997) (officer's change of focus from accident investigation to investigating driving while intoxicated did not subject defendant to custodial interrogation); *Hutto v. State*, 977 S.W.2d 855, 858 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (field sobriety testing and questioning did not convert roadside stop into arrest). Statements volunteered during a temporary roadside investigation for driving while intoxicated are admissible. *Stevenson*, 958 S.W.2d at 829; *Waldrop*, 7 S.W.3d at 839.

5

There was no evidence in the record that appellant was in custody at the time she told Hanna that she was the driver. Counsel was not ineffective in failing to demand an unnecessary voluntariness inquiry.

Finally, appellant contends that counsel was ineffective for failing to object to the following leading question by the prosecutor: "Ms. Hudson admitted to you that she had been operating the vehicle?" To which Hanna responded, "Yes, she did." The immediately preceding question asked, "How do you know she was operating a motor vehicle on a public road or highway?" The answer, "Based on the information received from Ms. Hudson, and others at the scene that I interviewed." Defense counsel may not have objected to the question about which appellant complains because it was a logical inference from the preceding question and answer that the way in which Hanna "received information" from appellant was that she told him she was driving. The passenger in the SUV had already testified that appellant admitted driving. Counsel may not have objected as a matter of trial strategy in order to avoid emphasizing a question that simply elicited cumulative evidence. On this record, appellant has not overcome the presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813; *Jackson*, 877 S.W.2d at 771.

## Conclusion

We have examined the specific acts about which appellant complains. The record does not show that counsel made such serious errors that he failed to function effectively as counsel, much less that counsel's performance so undermined the proper functioning of the adversarial

process such that the trial cannot be relied on as having produced a just result. Accordingly, we overrule appellant's two issues and affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   July 11, 2003

Do Not Publish