TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00511-CR






Floyce Lee Jackson, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 04-624-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Floyce Lee Jackson guilty of delivering more than four grams
of cocaine for which it assessed punishment, enhanced by two previous felony convictions, at life
imprisonment. See Tex. Health & Safety Code Ann. § 481.112 (West 2003). In a single point of
error, Jackson contends that the trial court erred during jury selection by refusing to allow him to
"rehabilitate the jury panel" before ruling on the State's challenges for cause. We will overrule this
contention and affirm the conviction.

During jury selection, after both sides had completed their questioning of the panel
as a whole, the court called counsel to the bench and asked the State for its challenges. The State
identified twenty-two panelists by number. Nineteen of these challenges were summarily granted
by the court without the State being asked to specify the ground for its challenge. The court deferred
a ruling on the other three challenges until after individual questioning. (1) After the State completed
its challenges, Jackson objected "to all of those being granted without an opportunity to rehabilitate
them." The objection was overruled. Jackson then made his own challenges for cause in the same
manner as the State, all of which were granted.

Jackson asserts that granting the State's challenges without first allowing defense
counsel to question the panelists individually violated his right to a fair and impartial jury. Jackson
cites no authority holding that a trial court errs by granting a challenge for cause on the basis of the
panelist's responses during the voir dire of the panel as a whole. In any case, "the constitutional
right to trial by an impartial jury is not violated by every error in the selection of a jury." Collum v.
State, 96 S.W.3d 361, 366 (Tex. App.--Austin 2002, no pet.) (quoting Jones v. State, 982 S.W.2d
386, 391 (Tex. Crim. App. 1998)). "[T]he erroneous excusing of a veniremember will call for
reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury." 
Jones, 982 S.W.2d at 394. There is no right to have any particular person sit on the jury. Ford v.
State, 73 S.W.3d 923, 926 (Tex. Crim. App. 2002) (citing Jones, 982 S.W.2d at 393). Jackson
points to no indication in the record that the jurors who served at his trial were not fair and impartial,
or that the jury was otherwise unlawfully constituted.


The point of error is overruled and the judgment of conviction is affirmed.



 ___________________________________________

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: May 11, 2006

Do Not Publish
1. The court ultimately granted one of these challenges and denied the other two.