

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00786-CR

Derek Jay **GRANT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Gillespie County, Texas
Trial Court No. CCL20922
Honorable Christopher G. Nevins, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: September 18, 2024

AFFIRMED

A jury convicted Derek Jay Grant of driving while intoxicated ("DWI"), and he was sentenced to 180 days' confinement, probated for twenty-four months. On appeal, he contends (1) the trial court erred in granting the State's motion for continuance, (2) the trial court erred in denying appellant's right to a speedy trial, and (3) it was constitutional error to empanel a veniremember who, appellant contends, demonstrated bias and was unable to be questioned. We affirm.

**BACKGROUND**

On June 12, 2020, appellant was arrested for DWI. *See* TEX. PENAL CODE ANN. § 49.04. He was charged on June 24, 2021. The case was set for a jury trial on November 14, 2022; however, trial was rescheduled for March 20, 2023. On March 16, 2023, the State filed a motion for continuance. Appellant opposed the motion and also filed a motion for speedy trial. The trial court granted the State's motion and rescheduled trial for May 15, 2023. The trial court did not expressly rule on appellant's motion for speedy trial. Trial commenced on May 15, 2023. The next day, appellant was found guilty of DWI. In August 2023, the trial court assessed punishment at 180 days' confinement, probated for twenty-four months, with a condition of probation that appellant serve thirty days of confinement in the county jail. Appellant timely appealed.

**STATE'S MOTION FOR CONTINUANCE**

In his first issue, appellant contends the trial court erred by granting the State's motion for continuance. As briefly detailed above, the State filed a motion for continuance before the scheduled March 20, 2023 trial setting. It stated in its motion and at a hearing on the motion that the request was made because the technical supervisor in the DPS Breath Alcohol Lab was unavailable to testify in person. The State had not subpoenaed the technical supervisor and asserted that, regardless of whether he had been subpoenaed, the technical supervisor was unavailable to appear in person.

Appellant objected in a written response on the basis that the State had not shown "sufficient cause" for a continuance. *See* TEX. CODE CRIM. PROC. ANN. art. 29.03 ("A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion.").[1] Appellant did not assert harm

---

[1] Appellant argued in his response filed in the trial court: "The Texas Code of Criminal Procedure Article 29.09 provides that [a] criminal action may be continued 'upon sufficient cause shown.'" The quoted language, however,

in his filing or at the hearing on the State's motion for continuance. On appeal, he asserts he was harmed by the continuance because it violated his right to a speedy trial and because the delay that resulted caused him continued anxiety, hardship, and life under a cloud of suspicion and hostility. *See Barker v. Wingo*, 407 U.S. 514, 533 (1972) ("[E]ven if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility."). The trial court granted the State's motion and reset trial for May 15, 2023.

We review a trial court's ruling on a motion for continuance for abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *see also Whalon v. State*, 725 S.W.2d 181, 185 (Tex. Crim. App. 1986) (reviewing grant of State's motion for continuance). "To establish an abuse of discretion, there must be a showing that the defendant was actually prejudiced by the denial of his motion." *Gallo*, 239 S.W.3d at 764. This requires establishing "specific prejudice." *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (overruling defendant's issue regarding continuance because defendant had not "established any specific prejudice") (citing *Hernandez v. State*, 643 S.W.2d 397, 399–400 (Tex. Crim App. 1982)); *see also Gonzales v. State*, 304 S.W.3d 838, 842–43 (Tex. Crim. App. 2010) (stating abuse of discretion will be found "only if the record shows with considerable specificity how the defendant was harmed") (quoting George E. Dix & Robert O. Dawson, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 28.56 (2d ed. 2001), at 532–33).

---

is from Article 29.03, not Article 29.09. *See* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.09. On appeal, appellant looks to another provision, Article 29.04, which he never raised in the trial court. Because we determine appellant's first issue based on his failure to show harm, we do not consider any preservation matters or whether the trial court erred under Article 29.03, Article 29.04, or equitable grounds when granting the continuance. *Cf. May v. State*, No. 05-13-00438-CR, 2014 WL 4207149, at *3 (Tex. App.—Dallas Aug. 26, 2014, no pet.) (mem. op., not designated for publication) (overruling defendant's issue regarding continuance where defendant addressed only Article 29.04 and not also Article 29.03 and equitable grounds).

Here, appellant did not establish any specific prejudice resulting from the continuance, nor did he even assert prejudice until his appeal. On appeal, he argues the continuance deprived him of a speedy trial, a matter which we consider and reject below. In lieu of evidence, appellant asserts that he did not have an opportunity to establish the hardship he experienced due to the trial court granting the State's motion for continuance before it heard appellant's motion for speedy trial. We fail to see how this circumstance deprived appellant of an opportunity to establish harm, and appellant has not directed us to any authority to support his contention. To the contrary, the trial court offered appellant an opportunity to present evidence at the hearing on March 20, 2023, and he declined. Further, appellant had the opportunity to develop evidence regarding prejudice through a motion for new trial, which he did not pursue. *See Gonzales*, 304 S.W.3d at 842–43 ("This showing [of prejudice from denial of a pretrial motion for continuance] can ordinarily be made only at a hearing on a motion for new trial.").

Without a showing of actual prejudice to appellant, we hold the trial court did not abuse its discretion by granting the State's motion for continuance. *See Gallo*, 239 S.W.3d at 764. We overrule appellant's first issue.

**SPEEDY TRIAL**

In his second issue, appellant argues the trial court erred by denying him his right to a speedy trial.

### *A. Background*

Appellant was arrested on June 12, 2020. The following day, he posted bond and was not thereafter incarcerated during pretrial proceedings. Appellant was charged on June 24, 2021, with the misdemeanor offense of DWI. *See* TEX. PENAL CODE ANN. § 49.04. He was arraigned on August 11, 2021. At his first pre-trial hearing, on November 22, 2021, appellant was appointed counsel, and a second pre-trial hearing was scheduled for February 9, 2022. The day before this

second hearing, appellant filed a motion for continuance, asserting the parties were attempting to resolve the matter. In April, May, and July 2022, appellant requested additional time to pursue plea negotiations, and the case was set for additional pre-trial hearings. On August 22, 2022, appellant's attorney informed the trial court that the case could be set for trial, and trial was scheduled for November 14, 2022.

On October 14, 2022, the State requested a reset of the trial date, giving as a reason: "November Jury Trial rescheduled due to elections." Trial was thereafter rescheduled for March 20, 2023. The trial court held pretrial hearings on October 26, 2022, and January 25, 2023, and appellant's counsel did not raise any concerns about the rescheduled trial date at those hearings.

On March 16, 2023, the State filed its motion for continuance, discussed in the preceding section. The next day, appellant filed a motion opposing the State's motion for continuance and also a motion for speedy trial, asking that trial begin on March 20, 2023, as scheduled. On March 20, 2023, the trial court held a hearing at which it first considered and then granted the State's motion for continuance. Next, the following colloquy ensued:

| THE COURT: | All right. So I'm going to reset [trial] to the 15th day of May at 8:30 in the morning. |
| | [Defense counsel], the motion for speedy trial, did you want to argue that today? |
| [DEFENSE COUNSEL]: | No need, Your Honor. We'll agree to the May 15th date. |
| THE COURT: | All right. Do you have any witnesses here regarding that? |
| [DEFENSE COUNSEL]: | I do not. |

The trial court did not expressly rule on appellant's motion for speedy trial.

Trial commenced on May 15, 2023, with jury selection. The next day, the jury heard from two law enforcement officers and the State's technical supervisor. Later that day, the jury deliberated and returned a guilty verdict.

## B.  Applicable Law and Standard of Review

The Sixth Amendment to the United States Constitution guarantees a defendant a right to a speedy trial. U.S. CONST. amend. VI; *see State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021).[2] The right to a speedy trial attaches once a person becomes an "accused" — that is, once the person has been arrested or charged. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). Courts analyze speedy-trial claims "on an ad hoc basis" considering relevant circumstances and the four factors announced in *Barker*, 407 U.S. at 530: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant because of the length of delay. "If the defendant can make a threshold showing that the interval between accusation and trial is 'presumptively prejudicial,' then a court must consider each of the remaining *Barker* factors and weigh them." *Balderas v. State*, 517 S.W.3d 756, 767 (Tex. Crim. App. 2016). The State has the burden of justifying the length of delay, and the defendant has the burden of proving the assertion of the right and showing prejudice. *Cantu*, 253 S.W.3d at 280. "The defendant's burden of proof on the latter two factors varies inversely with the State's degree of culpability for the delay." *Id.* (citation omitted).

We review a trial court's ruling on a defendant's speedy-trial claim under a bifurcated standard. *Id.* at 282. We review the factual components of the analysis for an abuse of discretion, deferring to the trial court's resolution of disputed facts and the reasonable inferences drawn from

---

[2] The Texas Constitution provides the same speedy-trial guarantee, analyzed under the same framework as the Sixth Amendment. *See Lopez*, 631 S.W.3d at 113 (citing TEX. CONST. art. 1, § 10).

those facts. *Id.*; *Balderas*, 517 S.W.3d at 767–68. We review the legal components of the analysis *de novo*. *Cantu*, 253 S.W.3d at 282. The balancing test as a whole is a purely legal question. *Id.*

### C. Analysis

By his motion for speedy trial, filed on March 17, 2023, appellant requested that the case proceed to trial on March 20, 2023, as scheduled. Arguably, appellant withdrew his motion when his counsel stated during the March 20, 2023 hearing there was no need to argue the motion and, "We'll agree to the May 15th date." Preservation requirements apply to speedy-trial claims. *Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013). To preserve an issue for appeal, the record must show that a complaint was timely made to the trial court, stating grounds sufficient to provide notice to the trial court, and that the trial court ruled on the motion either expressly or implicitly. *See* TEX. R. APP. P. 33.1(a); *Crocker v. State*, 441 S.W.3d 306, 311–12 (Tex. App.— Houston [1st Dist.] 2013, pet. ref'd) (holding speedy-trial claim not preserved). Here, it is not clear that appellant presented his complaint to the trial court or that the trial court ruled on it, either expressly or implicitly, after appellant's counsel agreed to the reset trial date. However, even if we assume without deciding that appellant preserved his claim for appellate review and that the trial court implicitly denied appellant's motion by continuing the trial setting, we hold the trial court did not err. *See Foster v. State*, No. 13-18-00051-CR, 2018 WL 6626728, at *3–5 (Tex. App.—Corpus Christi–Edinburg Dec. 19, 2018, pet. ref'd) (mem. op., not designated for publication) (assuming error preserved and overruling appellant's speedy-trial issue). To reach this result, we review and then balance the *Barker* factors.

#### 1. Length of Delay

The first *Barker* factor is the length of delay. *Barker*, 407 U.S. at 530. The length of delay that provokes an inquiry into the other factors "is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530–31. "The delay that can be tolerated for an

ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531.

Appellant's case was a simple DWI. Only three witnesses testified during the one-day guilt-innocence phase of trial. Nevertheless, thirty-five months passed between when appellant was arrested and when trial commenced. The State concedes that this length of delay was presumptively prejudicial, and we agree. *See Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002) (holding delay of two years and ten months from arrest to hearing on speedy-trial motion for "plain-vanilla DWI case" triggered analysis of other *Barker* factors). Moreover, because the thirty-five-month delay from appellant's arrest to his trial stretched well beyond the bare minimum needed to trigger judicial examination of the claim, this factor weighs moderately against the State. *See id.* (explaining nearly four-year delay from arrest to plea hearing in simple DWI case weighed heavily against State).

### 2. Reason for Delay

The second *Barker* factor also favors appellant, but only slightly. In *Zamorano*, the Texas Court of Criminal Appeals noted "the State had no explanation for why it could not try [a simple DWI case] for four years." *Id.* at 650. Here, in contrast, in an attempt to distinguish *Zamorano*, the State offers several explanations to explain the nearly three-year delay from appellant's arrest to trial. *See Cantu*, 253 S.W.3d at 280 (specifying burden is on State to justify delay).

"[W]e assign different weights to different reasons" for delay. *Balderas*, 517 S.W.3d at 768; *see also Barker*, 407 U.S. at 530–32. "Some reasons are valid and serve to justify an appropriate delay." *Balderas*, 517 S.W.3d at 768. For example, "delay caused by good faith plea negotiations is a valid reason for the delay and should not be weighed against the prosecution." *State v. Munoz*, 991 S.W.2d 818, 824 (Tex. Crim. App. 1999). On the other hand, deliberate delay intended to "hamper the defense" weighs heavily against the State, while "more neutral reasons,

such as negligence or overcrowded courts, weigh less heavily." *Id.* at 822, 822 n.1 (citation omitted). "Additionally, we consider whether the government or the criminal defendant is more to blame for the delay." *Balderas*, 517 S.W.3d at 768 (citation and brackets omitted). "Delay caused by either the defendant or his counsel weighs against the defendant." *Id.* "In the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay." *Id.* (citation omitted).

Neither the State nor appellant offer an explanation for the one-year delay from appellant's arrest in June 2020 to his charge in June 2021; the two-month delay from appellant's charge to his arraignment in August 2021; or the three-month delay from appellant's arraignment to his first pretrial hearing, at which he was appointed counsel, in November 2021.[3] Consequently, we may neither presume a deliberate attempt to hamper the defense nor a valid reason for the delay. *See id.* These initial delays weigh in favor of finding a speedy-trial violation, but not heavily. *See Barker*, 407 U.S. at 531; *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003) (where reason for delay was absent, determining delay weighed in favor of finding speedy-trial violation).

From November 2021 to August 2022, appellant moved for several continuances on the basis that the parties were attempting to resolve the case, and, on August 22, 2022, appellant announced that the case could be set for trial. This nine-month delay while the parties were exploring a plea agreement does not count against the State. *See Munoz*, 991 S.W.2d at 824.

The case was set for a November 2022 trial, which, upon the State's request, was "rescheduled due to elections," to March 20, 2023. The State does not further explain why elections informed its request. This seemingly neutral reason weighs slightly against the State. *See id*.

---

[3] We recognize these months overlapped with the coronavirus pandemic, but the State did not offer the pandemic as a reason for delay.

On March 16, 2023, the State filed its motion for continuance, seeking a continuance based on the absence of the technical supervisor, who it wished to call but whom it had not subpoenaed. "[A] valid reason, such as a missing witness, should serve to justify appropriate delay." *Barker*, 407 U.S. at 531. There is no indication that the State sought its continuance to hamper the defense. *See id.* At worst, the delay due to the technical supervisor's unavailability weighs slightly against the State because the State could have subpoenaed the supervisor, pursued a writ of attachment, or located an alternative witness. *See id.* ("A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered.").

In short, the second *Barker* factor weighs against the State, but not heavily.

### 3. Assertion of the Right to a Speedy Trial

Although it is the State's duty to bring a defendant to trial, the defendant still has a responsibility to assert his speedy-trial right. *Zamorano*, 84 S.W.3d at 651. The third *Barker* factor is "closely related" to the other factors "because the strength of [a defendant's] efforts will be shaped by them," that is, "[t]he more serious the deprivation, the more likely a defendant is to complain." *Cantu*, 253 S.W.3d at 282–83 (quoting *Barker*, 407 U.S. at 531). Thus, a defendant's assertion of his right to a speedy trial — or his failure to assert the right — is "entitled to strong evidentiary weight in determining whether the defendant has been deprived of that right." *Balderas*, 517 S.W.3d at 771; *see Cantu*, 253 S.W.3d at 283.

The third *Barker* factor weighs moderately against appellant because he waited thirty-three months before first asserting his right. Moreover, appellant asserted his right only after he learned, from the State's motion for continuance, that its technical supervisor was unavailable as a witness on the day scheduled for trial. A defendant's lack of a timely demand for a speedy trial "indicates strongly that he did not really want one." *Balderas*, 517 S.W.3d at 771. "[I]naction weighs more heavily against a [speedy-trial] violation the longer the delay becomes." *Id.* (quoting *Dragoo*, 96

S.W.3d at 314). In addition, after the trial court granted the State a continuance, appellant's counsel stated there was no need to argue appellant's speedy-trial motion and, "We'll agree to the May 15th date." *Cf. Barker*, 407 U.S. at 532 ("We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.").

### *4. Prejudice*

The defendant has the burden of showing prejudice. *Cantu*, 253 S.W.3d at 280. We assess prejudice in light of the interests which the speedy-trial right is designed to protect: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Of these forms of prejudice, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* Affirmative proof of particularized prejudice is not essential to every speedy trial claim, because "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett v. United States*, 505 U.S. 647, 655 (1992). However, the "presumption of prejudice" is "extenuated . . . by the defendant's acquiescence" in the delay. *Id.* at 658; *see also Dragoo*, 96 S.W.3d at 315.

The prejudice prong weighs moderately against finding a speedy-trial violation. Appellant was not subject to pretrial incarceration, and he offered no evidence as to anxiety or concern resulting from trial delay. *Cf. Cantu*, 253 S.W.3d at 286 ("[E]vidence of generalized anxiety, though relevant, is not sufficient proof of prejudice under the *Barker* test, especially when it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation."). Appellant asserted his request for a speedy trial only once, thirty-three months after arrest, and he received a trial less than two months later. While this thirty-five month delay from arrest to trial may be presumptively prejudicial, appellant has not identified or demonstrated

any impairment to his defense from the delay. *See Dragoo*, 96 S.W.3d at 316 (holding no speedy-trial violation where defendant failed to demonstrate prejudice and "presumptively prejudicial" delay was extenuated by defendant's long acquiescence).

### 5. *Balancing the Factors*

The *Barker* balancing test must be conducted according to the unique facts of each case. *Johnson v. State*, 954 S.W.2d 770, 773 (Tex. Crim. App. 1997); *see Barker*, 407 U.S. at 533 ("[T]hese factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process."). We "must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed." *Cantu*, 253 S.W.3d at 281.

We conclude appellant's right to a speedy trial has not been infringed. Although the length of delay was presumptively prejudicial and weighs moderately against the State under the first factor, the fourth factor — prejudice — weighs moderately against finding a speedy-trial violation. As to the third factor — assertion of the right — appellant's failure to assert his right to a speedy trial until thirty-three months after arrest, and his failure to argue and support his motion when offered the opportunity weighs moderately against him. Finally, as to the second factor — reason for delay — some delay cannot be held against the State because the parties were pursuing plea negotiations; for other periods with neutral or absent reasons, delay counts only slightly against the State. We overrule appellant's second issue.

## JURY EMPANELMENT

In his final issue, appellant argues that it was constitutional error for a veniremember to be empaneled to the jury "after demonstrating bias against the law which was unable to be questioned further." Because appellant did not preserve error or establish fundamental error, we overrule his issue.

"The Sixth Amendment guarantees the right to a trial before an impartial jury." *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004); *see* U.S. CONST. amend. VI; *see also* TEX. CONST. art 1, § 15 ("The right of trial by jury shall remain inviolate."). The "right to an impartial jury includes adequate voir dire to identify unqualified jurors." *Franklin*, 138 S.W.3d at 354. Texas Code of Criminal Procedure article 35.16 lists the grounds available for a challenge to a veniremember for cause. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16. A veniremember is challengeable by the defendant for cause if she "has a bias or prejudice . . . against the law upon which either the State or the defense is entitled to rely." *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009); *see* TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2). "Bias against the law" means a "refusal to consider or apply the relevant law." *Sadler v. State*, 977 S.W.2d 140, 142 (Tex. Crim. App. 1998). To be challengeable, the bias or prejudice must "substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law." *Gardner*, 306 S.W.3d at 295. Before a veniremember may be excused on the basis of bias or prejudice, the law must be explained to him, and he must be asked whether he can follow that law regardless of his personal views. *Id.* The proponent of a challenge for cause has the burden of establishing that the challenge is proper by showing that "the veniremember understood the requirements of the law and could not overcome his prejudice well enough to follow the law." *Id.*

In general, "[t]he failure to make a timely objection waives the right to challenge the jury's qualifications." *Collum v. State*, 96 S.W.3d 361, 366 (Tex. App.—Austin 2002, no pet.) (citing *Mayo v. State*, 4 S.W.3d 9, 12 (Tex. Crim. App. 1999)). "[E]ven if an absolutely disqualified juror sits on a criminal jury, reversal of the conviction is permitted only if the defendant timely objected at trial or shows significant harm on appeal." *Mayo*, 4 S.W.3d at 12.

Here, it is undisputed that appellant did not challenge veniremember 3 for cause. Therefore, the trial court never ruled on a defensive challenge to that veniremember, and appellant

did not preserve error regarding any such ruling. *See Comeaux v. State*, 445 S.W.3d 745, 749–50 (Tex. Crim. App. 2014) (explaining five steps necessary for defendant to preserve error from denial of challenge for cause: "(1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of veniremember; (3) his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury").

Instead, appellant asserts on appeal: "It appears that neither the State nor the defense heard the answer [from veniremember 3] indicating bias, preventing any attempt at rehabilitating or objecting to this juror." Consequently, according to appellant, a biased juror, veniremember 3, served on the jury, rendering the entire jury partial. *See Alaniz v. State*, 937 S.W.2d 593, 596 (Tex. App.—San Antonio 1996, no pet.) ("The presence of one biased juror destroys the impartiality of the entire jury and renders it partial."); *see also Delrio v. State*, 840 S.W.2d 443, 445 (Tex. Crim. App. 1992) ("[A] single partial juror will vitiate a conviction.").

We overrule appellant's issue because the record does not substantiate appellant's assertion that the parties did not hear veniremember 3 and because appellant has not argued or established fundamental error, such that he could raise the matter for the first time on appeal. Both reasons are intertwined, so we first give the standard for fundamental error.

"All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). However, an exception lies when an "error is fundamental — that is, the error creates egregious harm." *Drake v. State*, 465 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "Fundamental error" includes denial of the right to a jury trial. *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) (citing *Saldano v. State*, 70 S.W.3d 873,

887–88 (Tex. Crim. App. 2002)). "[T]he constitutional right to trial by an impartial jury is not violated by every error in the selection of a jury." *Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim. App. 1998). Instead "fundamental error is presented only where an 'appellant can show he was denied a trial by a fair and impartial jury.'" *Collum*, 96 S.W.3d at 366 (quoting *Jones*, 982 S.W.2d at 391). An appellant must show that "the jury, as finally constituted, was biased or prejudiced." *Id.* (citation omitted).

Here, the record does not reveal that the parties could not hear veniremember 3, and appellant cannot show on this record that veniremember 3 was biased against the law, so as to render the jury on which he was empaneled biased or prejudiced.

During voir dire defense counsel discussed the burden of proof — beyond a reasonable doubt. He compared this to the lesser burdens applicable in civil cases of preponderance of the evidence and clear and convincing evidence. After explaining the basics, the following exchange took place:

| | |
|---|---|
| [DEFENSE COUNSEL]: | So if you're sitting on a jury in a criminal case, and you find that the State has proven that it's more likely than not that a DWI was committed, then what should your burden be? If the State proves in a criminal case that it was — that they proved by a preponderance of the evidence that a DWI occurred — not beyond a reasonable doubt — preponderance of the evidence, then what would your verdict be? |
| VENIREPERSON 3: | Guilty. |
| VENIREPERSON 4: | Guilty. |
| [DEFENSE COUNSEL]: | Beyond a reasonable doubt is the standard for a criminal. |
| VENIREPERSON 4: | Oh. Not guilty. |
| [DEFENSE COUNSEL]: | That's right. Does everybody understand why? It's because it's a lesser burden. If you're serving on a |

> civil jury, preponderance of the evidence, that's the standard for a civil jury.

Based on this exchange, appellant asserts, "It appears that [veniremember 3's] answer was not heard by either the State [or] defense counsel. . . . As a result, there was no opportunity to question veniremember 3 individually on the issue of burden of proof." Further, appellant argues that it was error for veniremember 3 to be empaneled after demonstrating bias against the law. Appellant contrasts veniremember 3 with veniremember 4, who changed her answer in the exchange above.

The voir dire transcript also shows that the following exchange took place shortly after:

[DEFENSE COUNSEL]: So if the State in a criminal case, though, proves by clear and convincing evidence that a DWI occurred, then your verdict must be what?

VENIREPERSON 2: Guilty.

[DEFENSE COUNSEL]: And we're in criminal land now, so the burden of proof is beyond a reasonable doubt. So if the State proves by clear and convincing evidence that a DWI occurred, the verdict must be what?

VENIREPERSON 8: Guilty.

[DEFENSE COUNSEL]: Clear and convincing evidence is for — sorry if there's any confusion.

. . .

If you're applying the beyond a reasonable doubt and they meet that standard then the verdict would be guilty, right? But if it was preponderance of the evidence or clear and convincing evidence, then it would be what? Not guilty. Is anyone confused about that concept? I know these are different bases for comparison, but I'm just trying to help y'all understand the great burden that it takes to prove.

So under the clear and convincing evidence standard, if it's proven that — well, let's just move on. I think y'all get the gist of everything.

Defense counsel did not assert challenges for cause as to veniremembers 2, 3, and 4. She asserted a challenge as to veniremember 8, but only with respect to her answer, at another point during voir dire, regarding a defendant's right to remain silent.

To begin, a fair reading of the transcript does not suggest that the parties could not hear veniremember 3. Clearly the court reporter heard the veniremember because she recorded her response. Moreover, at several other times during voir dire, the transcript shows that veniremember 3 answered questions, and her answers were acknowledged by defense counsel. In addition, defense counsel adduced no evidence, through a motion for new trial or otherwise, that she did not hear veniremember 3. Equally or more likely, defense counsel heard veniremember 3 and did not respond, just as she later did not respond individually to veniremembers 2 and 8 in the exchange just above.

Second, and more importantly, veniremember 3's response does not show that appellant was denied a trial by a fair and impartial jury, so as to establish fundamental error and excuse appellant's failure to object at trial. *See Jones*, 982 S.W.2d at 391. "Bias alone is not sufficient to establish error, much less fundamental error." *Mendez v. State*, No. 04-15-00311-CR, 2016 WL 3030969, at *8 (Tex. App.—San Antonio May 25, 2016, no pet.) (mem. op., not designated for publication) (citing *Henson v. State*, 173 S.W.3d 92, 99 (Tex. App.—Tyler 2005, pet. ref'd)). "Rather, one must show a juror is biased against the accused or biased to the extent he was incapable of being fair." *Mendez*, 2016 WL 3030969, at *8; *see Gardner*, 306 S.W.3d at 295; *Sadler*, 977 S.W.2d at 142; *Jones*, 982 S.W.2d at 392. The proponent of a challenge for cause bears the burden of establishing that the challenge is proper. *Gardner*, 306 S.W.3d at 295. "Before a prospective juror may be excused for cause on [the basis of bias against the law], the law must be explained to him, and he must be asked whether he can follow that law, regardless of his personal views." *Id.*

Here, veniremember 3 was never asked whether she could follow the law, regardless of her personal view. *See id.* During voir dire, defense counsel apologized for confusion related to his explanation of the burden of proof in a criminal case. Veniremember 3, with the rest of the jury, was instructed by the trial court on the proper burden of proof before the jury rendered a verdict. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003) ("We presume the jury follows the trial court's instructions."). On this record, appellant has not established that veniremember 3 was biased as a matter of law — such that we would reverse were we considering this matter from the denial of a challenge for cause, *see Sadler*, 977 S.W.2d at 142 — let alone "biased to the extent [she] was incapable of being fair." *Mendez*, 2016 WL 3030969, at *8; *see also Henson*, 173 S.W.3d at 99 (holding fundamental error not established where veniremembers, later empaneled without objection, responded in voir dire that they would err on the side of the State if a vote was taken during voir dire). We overrule appellant's third issue.

## CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice